Donald S. Taylob, J.
The defendant husband moves to modify a final decree of divorce in respect to the custody of two minor children of the parties. A hearing was held at which common-law proof was adduced by the parties.
The decree of divorce was granted plaintiff against the defendant on September 20, 1954. It provided that the custody of the two infant daughters of the parties, now aged 11 and 8 years respectively, should continue ‘ ‘ under the direction and supervision of the Columbia County Welfare Department with the right reserved to the plaintiff to move for the care, custody and control of said infant children at any time ”. The decree was amended on March 7, 1957 on the stipulation of the parties and the consent of the Columbia County Department of Public Welfare to grant custody of the children to their mother with *6 visitation rights to their father. Subsequent to the decree, plaintiff married one Myers. This marriage has been terminated recently by a decree of divorce rendered against her. The defendant also remarried in 1955. Four children ranging in ages from three months to five years have been born of that marriage.
This proceeding concerns a contest between their parents over the custody of the two children. The father charges that the mother is unfit to be entrusted with their continued custody. .He asserts that the recent divorce of the mother by her second spouse with its imputation of adulterous conduct on her part and her present association with one Kendall, a married man with whom he claims she is now living, render her morally unfit to rear the children.
The wife maintains that the father has seen little of the children, has exhibited slight interest in their welfare and is in substantial arrears in respect to the support provisions of the decree. She admits her association with Kendall and asserts that she plans to marry him when his legal impediment is removed. She denies, however, that their relationship is meretricious.
The supreme and paramount issue here is the welfare of the children. There is cogent proof in the record that the children are well cared for and well adjusted in a home which seems materially to be adequate. The submitted photographs indicate their good health and physical normality. It is not disputed that they attend church and religious instruction classes regularly and current report cards, which are in evidence, indicate uninterrupted and untardy attendance at school. The grades of Patricia, the older of the two girls, range from satisfactory to excellent. Those of Christine are in the same category. Additionally, the health marks of the latter are in the B or good category, the care of her appearance is rated A, the use which she makes of her time and the manner in which she accepts responsibility are also graded as excellent. These reports of disinterested school teachers weigh heavily against the defendant’s claim of unfitness.
The mother’s indiscretion, adjudicated by the decree of divorce which her second husband has obtained against her, and her admitted association with a married man hardly can be viewed as commendable conduct or behavior which should be approved. However, the question here is not one of abstract morality but rather whether, weighed in the light of their general welfare, her habits and character have been and are such as will affect her continued general custody of the children.
*7 An analysis of the record persuades me, and I find, that her conduct has had no demonstrable deleterious effect on the health and general well-being of her children. Moreover, I am not at all convinced that the transfer of these girls to the home of their father—already inhabited by his four tender aged children — to be reared by a stepmother would further their best interests.
My conclusion is that the custodial features of the decree of divorce as presently constituted should not be disturbed. Accordingly, the motion is denied, without costs.